# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT OSSIE DINKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-531-MJR |
| | ) |
| **MISSOURI PAROLE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Using this District's civil rights complaint form, Plaintiff Robert Ossie Dinkins has attempted to file a lawsuit pursuant to 42 U.S.C. § 1983 (*see* Doc. 1). His statement of claim fills the first 10 lines provided for that purpose, but it is a rambling, incoherent list of topics with no allegations made against any named defendant. After the first five pages, the rest of this 79-page pleading consists of case law print-outs, grievances and other records from the Missouri Department of Corrections, handwritten affidavits, and a petition for writ of habeas corpus.

> Rule 8(a)(2) [of the Federal Rules of Civil Procedure] requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

The Court finds that Plaintiff's purported complaint does not provide such a short and plain statement of the claim, as fully described above. In fact, the Court is unable to discern any cognizable claim made against any named defendant.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A; FED.R.CIV.P. 12(b)(6). Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he now has three or more dismissals pursuant to § 1915A. *See also Dinkins v. CMS,* Case No. 06-cv-4303-NKL (W.D. Mo., filed Dec. 26, 2006); *Dinkins v. State of Missouri*, Case No. 08-cv-4009-NKL (W.D. Mo., filed Jan. 11, 2008). Therefore, he may no longer seek leave to proceed *in forma pauperis* in the federal courts unless he is under imminent danger of serious physical injury.

**IT IS SO ORDERED.**

**DATED this 6th day of October, 2008.**

                                           **s/ Michael J. Reagan**
                                           **MICHAEL J. REAGAN**
                                           **United States District Judge**